UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESUS A.B.,[1]
(A-Number: A-201222578),

　　　　　　Petitioner,

　　v.

CHRISTOPHER CHESNUT, et al.,

　　　　　　Respondents.

No.  1:26-cv-2088-KES-EGC (HC)

**ORDER DENYING MOTION FOR COUNSEL**

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND ORDER A BOND HEARING**

(Docs. 1, 3)

<u>TEN (10) DAY DEADLINE</u>

　　　　Petitioner Jesus A.B. is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

　　　　Petitioner is a native of Honduras who entered the United States without inspection.  (Doc. 10 at 2).  In 2011, Immigration and Customs Enforcement ("ICE") encountered Petitioner at the Sacramento County Jail related to charges for drinking and driving, at which point Petitioner was released upon being given a Notice to Appear.  (Doc. 10 at 2, 10-1 at 8–9).  Petitioner filed a

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

petition for non-citizen relative in 2013 and on January 9, 2015, Petitioner's removal proceedings were administratively closed while Petitioner sought relief with USCIS.  (*Id.*).  In June 2025, Petitioner was convicted of a felony hit and run and sentenced to three years in prison.  (Doc. 10 at 2, 10-4 at 19–24).  On October 16, 2025, Petitioner encountered ICE at Folsom State Prison, where he was subsequently arrested pursuant to an administrative warrant.  (Doc. 10 at 2).

The Court has previously addressed the legal issues raised by the petition. *See*, *e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  (Doc. 7).  On April 17, 2026, Respondents filed a response in which they acknowledged case law to the contrary.  (Doc. 10 at 3).   Nevertheless, Respondents continue to maintain their position, which this Court has repeatedly rejected in the cases noted above, that Petitioner is considered an "applicant for admission" and therefore subject to mandatory detention under 8 U.S.C. §1225(b)(2).  (*Id.*).  In line with the Court's previous cases, the undersigned finds that Petitioner is detained pursuant to section 1226(a), that the government's previous release of Petitioner on an order of supervision created a strong liberty interest in remaining free of detention, and that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated his due process rights.

Respondents contend that Petitioner's prior criminal history and recent conviction for hit and run justify re-detention without a pre-deprivation hearing.  (Doc. 10 at 1).  Respondents have submitted Petitioner's criminal rap sheet reflecting Petitioner's arrests and 2025 conviction for hit and run with injury.  (Doc. 10-4 at 19–24).  However, there was no indication that Petitioner

was provided with any notice, reason for re-detention, or opportunity to respond at the time of his arrest.  While Respondents represent that Petitioner was scheduled to receive a bond hearing on April 22, 2026, (Doc. 10 at 2), the record contains no evidence that such a bond hearing occurred or that, at such a bond hearing, the Government bore the burden to establish that bond was not warranted.    Nevertheless, Respondents' "reliance on th[e] violation[] is 'not obviously pretextual.'" *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at \*12 (E.D. Cal. Nov. 24, 2025) (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)).  In such a case, as other courts have done, the undersigned concludes that prompt, post-deprivation process is required here, and that Petitioner should be provided a bond hearing before an immigration judge.  *Id.*; *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at \*8 (E.D. Cal. Aug. 15, 2025).  In line with previous cases, the Court finds that the Government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight.  *M.R.R.*, 2025 WL 3265446, at \*14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025).

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the undersigned will recommend granting the petition for writ of habeas corpus for the reasons addressed in those prior orders.

**ORDER**

Petitioner requested the appointment of counsel.  (Doc. 3).  Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  *See* Rule 8(c), Rules Governing Section 2254 Cases.  Insofar as the

3

undersigned is recommending the petition be granted on the papers, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for habeas corpus, (Doc. 1), be GRANTED and that Respondents be ORDERED to either:

    1.    Provide Petitioner with a substantive bond hearing at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.  In addition, the Court recommends that at any such hearing, the Government should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight; or

    2.    Provide evidence that such a bond hearing has already occurred.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until

entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE